

June 10, 2015

The Honorable Sherry R. Fallon
United States District Court
844 N. King Street, Room 6100
Wilmington, DE 19801

Re:   *iCeutica Pty Ltd., et al. v. Lupin Limited, et al.*
      C.A. No. 14-1515-SLR-SRF (D. Del.)

Fish & Richardson P.C.
222 Delaware Avenue
17th Floor
P.O. Box 1114
Wilmington, DE 19899-1114

302 652 5070 main
302 652 0607 fax

**Elizabeth M. Flanagan**
Associate
EFlanagan@fr.com
302 778 8472  direct

Dear Judge Fallon:

Plaintiffs iCeutica PTY Ltd. and Iroko Pharmaceuticals, LLC submit this letter seeking entry of a protective order consistent with Plaintiffs' proposals on the two following issues in dispute: (1) whether a non-attorney, business person located in a foreign country can have access to highly confidential material; and (2) whether counsel can participate in post-grant proceedings that do not involve drafting or amending claims.[1]  As to the first issue, Plaintiffs propose that only attorneys should qualify while Lupin proposes that non-attorney business people with some legal-related functions should qualify.  (Flanagan Dec., Ex. A at ¶ 5(a)(xi).)  As to the second, Plaintiffs propose that counsel may participate in post-grant proceedings before the Patent Office so long as they do not draft or amend claims, whereas Lupin proposes a complete prohibition on post-grant prosecution activities.  (Flanagan Dec., Ex. A at ¶ 5(a)(i), (xi).)  Plaintiffs' proposals provide reasonable protection that are consistent with Federal Rule 26(c)(1)(G) and the underlying case law.

### I.   Plaintiffs Would Be Subject to an Unreasonable Risk of Inadvertent Disclosure By Allowing India-Based, Non-Attorney Business People To Access Their Confidential Information

The parties agree that their respective confidential information should be protected, and that both outside and in-house **counsel** may access it.  But Lupin wants more.  Lupin seeks to have Lupin Limited's India-based, non-attorney business people cleared to access Plaintiffs' confidential information.  (Flanagan Dec., Ex. A at ¶ 5(a)(xi).)  Plaintiffs cannot agree.

Lupin Limited designated Ms. Rachita Naidu, a non-attorney business person with some legal function, as someone who should have access to highly confidential information under the protective order.  According to Lupin, Ms. Naidu's "sole responsibilities at Lupin Limited are management of intellectual property and patent litigation."  (Flanagan Dec., Ex. B (04/29/2015 E-mail from Ms. Lea to Ms. Flanagan).)  Yet this representation by itself is insufficient.

First, non-attorney business people, unlike in-house counsel, are not bound by the ethical obligations that bind all attorneys.  *See United States Steel Corp. v. United States*, 730 F.2d 1465,

---

[1] The parties' respective positions are presented in the proposed stipulated protective order attached as Exhibit A to the Declaration of Elizabeth M. Flanagan, filed concurrently herewith.

fr.com



The Honorable Sherry R. Fallon
June 10, 2015
Page 2

1468 (Fed. Cir. 1984) ("Like retained counsel, however, in-house counsel are officers of the court, are bound by the same Code of Professional Responsibility, and are subject to the same sanctions."). As such, there would be no personal recourse against Lupin Limited's non-attorney business people if they violated the protective order. By contrast, attorneys are bound by the ethical rules and their licenses could be put in jeopardy in the event of a breach. *See, e.g., Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 490 (5th Cir. 2012) (affirming sanctions against attorney for violating protective order with respect to trade secrets and confidential information). Second, the geographical location of Lupin Limited's proposed designee, India, makes it impossible to enforce any order or judgment against them stemming from a breach.

In an effort to avoid the necessity of seeking Court intervention, Plaintiffs proposed a set of reasonable assurances to safeguard their confidential information while allowing Lupin Limited's non-attorney business person access to some information. (Flanagan Dec., Ex. B (05/04/2015 E-mail from Ms. Flanagan to Ms. Lea).) Lupin rejected that proposal out of hand, contending that these conditions were unreasonable and unprecedented. However, these conditions were not spun from whole cloth. These very provisions were ordered in another case where Lupin sought the exact same level of access for its non-attorney business people. (Flanagan Dec., Ex. C at 5-6.) Plaintiffs' sole goal in requesting these assurances is to afford the same measure of protection for their confidential information that Lupin will enjoy. Plaintiffs should not be prejudiced because Defendant Lupin Limited chooses not to employ in-house, licensed attorneys and will not agree to reasonable precautions for the disclosure of confidential information to non-attorney, business people in India.

Lupin's response to all this is that Lupin Limited's designee functions in the Intellectual Property Management Group, her sole responsibility is managing intellectual property and patent litigation, she "must have full access [to Plaintiffs' confidential information] in order to effectively supervise and manage this litigation," and she has been included on protective orders in other cases. (Flanagan Dec., Ex. B (04/29/2015 E-mail from Ms. Lea to Ms. Flanagan); Flanagan Dec., Ex. D (05/09/2015 E-mail from Ms. Lea to Ms. Flanagan).) None of these explanations outweighs the substantial risk posed to Plaintiffs of having their confidential information inadvertently disseminated to one of their direct competitors in India.

Lupin's representation that Ms. Naidu works for a group within Lupin Limited's legal department does not confer on her attorney status. Little is known about the full scope of Ms. Naidu's responsibilities other than IP litigation management, which could encompass broader tasks such as communicating with the technical, product life cycle, or competitive intelligence groups within Lupin. More to the point, Ms. Naidu is in fact not an attorney, not a member of any Bar, and not admitted to practice before any court, so she is not subject to the same ethical rules and obligations as an attorney. Requiring Plaintiffs to provide their sensitive, confidential information to foreign-based, non-attorney business people of direct competitors without adequate and significant protection undercuts the purpose and intent of designating materials confidential in the first instance. Should Ms. Naidu be granted access to Plaintiffs' confidential



The Honorable Sherry R. Fallon
June 10, 2015
Page 3

information and that information is internally disclosed or used, Plaintiffs would have no recourse against any anti-competitive consequences of such action.

Lupin's assertion that access to Plaintiffs' confidential information is necessary for its non-attorney business person to manage the litigation is disingenuous. It is Lupin's confidential information, not Plaintiffs' that is at issue in this case—namely, whether **Lupin's** proposed generic products infringe the asserted patents. Lupin has not and cannot explain why its non-attorney business person must access Plaintiffs' confidential information to advise on a non-infringement defense. Moreover, although Lupin contends that the asserted patents are invalid, it is the prior art, and not Plaintiffs' confidential information, that is at the core of an invalidity defense. And to the extent Plaintiffs' confidential information is at issue, Lupin's outside counsel is highly capable of reviewing and utilizing it, both alone and together with the designated in-house *counsel* of its co-defendant and partner, Lupin Pharmaceuticals, Inc. Indeed, even *pro se* litigants have been prohibited from accessing a competitor's highly confidential information due to disclosure concerns. *See Cherdak v. Koko Fitclub, LLC et al.*, Civil Action No. 14-10371-IT, 2015 WL 1895992, at *2 (D. Mass Apr. 27, 2015) (denying non-attorney plaintiff access to defendants' confidential information in part based on plaintiff's status as a non-attorney).

Lastly, whether Ms. Naidu has been included on other protective orders is irrelevant. First, the parties to those litigations were free to negotiate language for a non-attorney business person to receive confidential information. Second, the nature of the information that Ms. Naidu may have had access to in those circumstances may have been less sensitive than the information that will be disclosed here. Regardless, that some litigants may have been willing to agree to Ms. Naidu's access should not be forced onto Plaintiffs here. *In re Deutsche Bank Trust Co.*, 605 F.3d 1373, 1378 (Fed. Cir. 2010) ("We stated that '[w]hether an unacceptable opportunity for inadvertent disclosure exists … must be determined … by the facts on a counsel-by-counsel basis ….'") (internal citation omitted).

## II. The Prosecution Bar Should Not Extend to Post-Grant Activities That Do Not Involve Drafting and Amending Claims

Outside and designated in-house counsel should be permitted to participate in post-grant proceedings before the Patent Office because those activities do not present the kinds of concerns underlying typical prosecution bars. *See In re Deutsche Bank Trust Co.*, 605 F.3d 1373, 1379-1380 (Fed. Cir. 2010). Indeed, this Court has recognized that reexaminations pose little risk of misuse of confidential information and has entered protective orders permitting counsel with access to confidential information to participate in them. *See Kenexa Brassring, Inc. v. Taleo Corp.*, Civ. No. 07-521-SLR, 2009 WL 393782, at *2 (D. Del. Feb. 18, 2009) ("The scope of claims cannot be enlarged by amendment in a reexamination. Because the reexamination involves only the patent and the prior art, defendant's confidential information is 'basically irrelevant to the reexamination.'") (internal citation omitted); *Xerox Corp. v. Google, Inc.*, 270 F.R.D. 182, 184-185 (D. Del. 2010) (same). *Inter partes* reviews and other post-grant



The Honorable Sherry R. Fallon
June 10, 2015
Page 4

proceedings are no different. In fact, other courts have fashioned default prosecution bars that exempt activities challenging patent validity, like reexaminations and IPRs. (*See* Flanagan Dec., Ex. E ¶ 8; *id.*, Ex. F at ¶ 6; *see also id.*, Ex. G at 4 ("An *inter partes* review is not original examination, continued examination, or reexamination of the involved patent. Rather, it is a trial, adjudicatory in nature and constituting litigation.")).) That is precisely what Plaintiffs propose here, with the ***additional*** safeguard that counsel with access to confidential information "may ***not*** participate in the drafting or amending of patent claims in any such proceedings." (*See id.*, Ex. A at ¶ 5(a)(i), (xi) (emphasis added).)

Plaintiffs' proposal allows the parties' chosen counsel to participate in validity proceedings that become in essence an extension of litigation. *See LifeScan Scotland, Ltd., et al. v. Shasta Tech., LLC, et al.*, Case No. 3:11-cv-4494-WHO, 2013 WL 5935005, at *5 (N.D. Cal. Nov. 4, 2013) ("'[I]f the PTO and district court are just two fronts in the same battle, allowing a limited role for patentee's litigation counsel while prohibiting counsel from crafting or amending claims is only reasonable.'") (internal citation omitted). Plaintiffs would be unfairly prejudiced if their counsel who are familiar with the patents at issue and the prior art were banned from these proceedings, and if they were forced to expend resources to hire separate counsel. *See id.* at *6 (allowing outside and in-house counsel to participate in *inter partes* review proceedings relating to the patent-in-suit); *Xerox Corp.*, 270 F.R.D. at 185 (identifying a party's "strong interest in choosing its own counsel—particularly in the complex and technical realm of patent litigation").

Lupin has not articulated and cannot articulate good cause for prohibiting counsel with access to confidential information from participating in these post-review proceedings.[2] *See In re Deutsche Bank*, 605 F.3d at 1378, 1381 (placing burden on party seeking prosecution bar to justify the scope of activities prohibited by the bar). Regarding *inter partes* review proceedings in particular, any concern Lupin may have regarding improper use of its confidential information is moot given the nature of the proceeding. Further, Lupin would not be prejudiced by Plaintiffs' proposal since its outside counsel and designated in-house counsel would be able to participate, as well.

Respectfully submitted,

*/s/ Elizabeth M. Flanagan*

Elizabeth M. Flanagan

cc: All Counsel of Record (via E-Filing)

---

[2] In fact, Lupin has disproportionately offered to concede Plaintiffs' request to participate in such post-grant proceedings in exchange for permission to designate their India-based, non-attorney businessperson as a "legal representative."