IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ICEUTICA PTY LTD and IROKO PHARMACEUTICALS, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>LUPIN LIMITED and LUPIN PHARMACEUTICALS, INC.,<br><br>Defendants. | C. A. No. 14-cv-01515 (SLR-SRF)<br><br>REDACTED VERSION |

**LETTER TO HONORABLE SHERRY R. FALLON FROM MARTINA TYREUS HUFNAL DATED APRIL 14, 2016 REGARDING DISCOVERY DISPUTE**

Martina Tyreus Hufnal (#4771)
Elizabeth M. Flanagan (#5891)
Christopher A. Winter (#5817)
FISH & RICHARDSON P.C.
222 Delaware Avenue, 17th Floor
P. O. Box 1114
Wilmington, DE 19899-1114
Phone: 302-652-5070 / Fax: 302-652-0607
Emails: tyreus-hufnal@fr.com; eflanagan@fr.com; winter@fr.com

W. Chad Shear (#5711)
Megan A. Chacon (*pro hac vice*)
12390 El Camino Real
San Diego, CA 92130
Phone: 858-678-5070 / Fax: 858-678-5099
Email: shear@fr.com; chacon@fr.com

*Attorneys for Plaintiffs ICEUTICA PTY LTD and IROKO PHARMACEUTICALS, LLC*

CC: All Counsel of Record (via electronic mail)

Fish & Richardson P.C.
222 Delaware Avenue
17th Floor
P.O. Box 1114
Wilmington, DE 19899-1114

302 652 5070 main
302 652 0607 fax

**Martina Tyreus Hufnal**
Principal
hufnal@fr.com
302 778 8471 direct

April 14, 2016

The Honorable Sherry R. Fallon
United States District Court
844 N. King Street, Room 6100
Wilmington, DE 19801

Re: *iCeutica Pty Ltd., et al. v. Lupin Limited, et al.*
C.A. No. 14-1515-SLR-SRF (D. Del.)

Dear Judge Fallon:

Plaintiffs iCeutica PTY Ltd. and Iroko Pharmaceuticals, LLC submit this letter seeking an order compelling Lupin to (1) provide certain India-based witnesses for deposition in the United States or via videoconference, and (2) designate a witness on a number of 30(b)(6) deposition topics relevant to this Hatch-Waxman litigation. Counsel are in discussions to narrow the issues but thus far have been unable to work out a compromise. The parties will continue to work to narrow the issues, if possible, prior to the hearing but as of now all of the issues addressed herein are still in dispute.

## I. Lupin's India-Based Employees With Unique First-Hand Knowledge of Relevant Issues Should Be Made Available in the United States Or Via Remote Means

In November 2015, Plaintiffs noticed the depositions of five Lupin employees, including Mr. Sagar Shinde, Dr. Subhash Gore, Ms. Dhanashree Mistry, Dr. T. Vijaya Kumar, and Mr. Pramod Dahibhate. However, Lupin only made two of these five witnesses available for deposition in the U.S., including as 30(b)(6) designees: T. Vijaya Kumar and Pramod Dahibhate, both of whom are employees with tangential involvement with Lupin's generic products. Lupin refused to make Mr. Shinde, Dr. Gore, and Ms. Mistry available for deposition in the U.S. on the basis that they lived and worked in India. (Ex. A.) Plaintiffs believed these three individuals would have first-hand knowledge of relevant issues in this case, including, for example, the development of Lupin's proposed generic products and Lupin's attempts to design-around certain of the patents-in-suit. In addition to refusing to bring these witnesses to the U.S., Lupin rebuffed Plaintiffs' request to take the depositions by video. (*Id.*)

In refusing Plaintiffs' request for these three depositions, Lupin represented that Plaintiffs could obtain all relevant information from Dr. Kumar that would be known to Mr. Shinde, Dr. Gore, and Ms. Mistry because they work under him. (*Id.* at 4.) Although Plaintiffs, based on review of Lupin's documents, disagreed, (*id.* at 3-4), Plaintiffs took Dr. Kumar's deposition to substantiate Lupin's representations before burdening the Court with this dispute.[1]

[1] Although Lupin initially made Mr. Dahibhate and Dr. Kumar available for deposition in late January and early February 2016, over the next few months Lupin continually pushed back the deposition dates. They were not deposed until late March 2016. (Exs. B-E.)



Dr. Kumar's March 29 deposition confirmed Plaintiffs' suspicions. Although Dr. Kumar provided conclusory testimony that [REDACTED] when asked specific questions he admitted that [REDACTED] Instead, [REDACTED] Moreover, Dr. Kumar did not know numerous relevant facts regarding the development of Lupin's generic product. For example, Dr. Kumar [REDACTED] In addition, Dr. Kumar [REDACTED]

Plaintiffs have also noticed the depositions of two other India-based employees—P.R. Upadhyay and Girish Chavan—that Lupin has resisted making available for deposition in the U.S. or by video unless Plaintiffs were willing to drop other deponents. (Ex G.) During discovery, Lupin disclosed Mr. Upadhyay as the person most knowledgeable regarding research relating to the properties of, and ingredients in, Lupin's generic products, and as being involved in analytical testing of them. (Ex. H at Interrog. 12; Ex. I at 2.) And Mr. Chavan was identified by Mr. Dahibhate at his deposition [REDACTED] Similar to Dr. Gore, Mr. Dahibhate did not remember numerous relevant facts regarding [REDACTED] According to Mr. Dahibhate, Mr. Chavan [REDACTED]

Mr. Shinde, Dr. Gore, and Ms. Mistry should be made available in the United States for deposition because they are "managing agents" of Lupin at least with respect to the development of Lupin's proposed generic products. *See Tomingas v. Douglas Aircraft Co.*, 45 F.R.D. 94, 96-97 (S.D.N.Y. 1968) (finding engineers responsible for crash investigation were "managing agents" in a wrongful death litigation). As described above, [REDACTED] The same holds true for Messrs. Upadhyay and Chavan who are "managing agents" of Lupin at least with respect to [REDACTED] There is no requirement that these individuals be "managers" in the course of their everyday duties, and close questions should be resolved in favor of the examining party. *Id.*



These individuals should also be made available for deposition in the U.S. because Lupin does business in the U.S., is subject to this Court's jurisdiction, has filed counterclaims in this litigation, and has otherwise freely taken advantage of the federal rules of discovery. (*See, e.g.*, D.I. 141.) Under these circumstances, a "foreign corporation's agents are frequently compelled for deposition on American soil." *See Custom Form Mfg., Inc. v. Omron Corp.*, 196 F.R.D. 333, 336 (N.D. Ind. 2000) (citing cases). Moreover, deposing these witnesses in the U.S. is appropriate for the convenience of all parties and in the general interests of judicial economy. *See Sugarhill Records Ltd. v. Motown Record Corp.*, 105 F.R.D. 166, 171 (S.D.N.Y. 1985) (finding that "convenience and efficiency are best served by taking the deposition" of defendant's witness in New York and not in Los Angeles because of the location of the attorneys). It would be most convenient for the witnesses to travel to the U.S. rather than having the parties' lawyers travel to India.

At a minimum, Lupin should provide these witnesses for deposition by video. The Rules specifically contemplate that depositions may be taken by remote means. Fed. R. Civ. P. 30(b)(4); *see Advani Enterprises, Inc. v. Underwriters at Lloyds*, No. 95 CIV. 4864 (CSH), 2000 WL 1568255, at *2-4 (S.D.N.Y. Oct. 19, 2000) (permitting telephonic deposition of two witnesses residing in Egypt). "Leave to take depositions by [remote means] is granted liberally." *See Guillen v. Bank of Am. Corp.*, C.A. No. 10-05825 EJD PSG, 2011 WL 3939690, at *1 (N.D. Cal. Aug. 31, 2011). "A desire to save money constitutes good cause to depose out-of-state witnesses [by] telephone or remote means. The burden is on the opposing party to show how they would be prejudiced." *Id.* While Lupin has argued that making these witnesses available by video would place an unequal burden on Lupin by requiring them to bear the expense and time of traveling to India to prepare and defend the depositions, no travel is required because Lupin could just as easily prepare its witnesses by video. (Ex. K. at 3.)[2]

## II. Lupin Should Be Required To Designate a Witness on Six 30(b)(6) Topics

Lupin has improperly refused to designate a corporate witness on two categories of 30(b)(6) topics noticed by Plaintiffs: (1) topics relating to Lupin's reasons for pursuing a generic version of Zorvolex® (Topic Nos. 10, 14, 15); and (2) topics relating to information about [REDACTED] (Topic Nos. 22-24). (*See* Ex. M.) Federal Rule of Civil Procedure 30(b)(6) states that after a party names a public or private corporation as a deponent that "[t]he named organization **must then designate** one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify." FED. R. CIV. P. 30(b)(6) (emphasis added). Plaintiffs request that the Court compel Lupin to designate a witness on each of these topics.

---

[2] Plaintiffs have agreed not to object to the admissibility of the testimony of one of the inventors based on the fact it was taken in Australia. (Ex. L.) Plaintiffs expect that Lupin will extend a reciprocal courtesy for any deposition taken in India.



Topics 10, 14, and 15 seek relevant and discoverable information because they concern Lupin's reasons for pursuing a generic version of Zorvolex®, which is the underlying basis for this lawsuit. Lupin's decision to pursue generic Zorvolex® includes its consideration of, for example, Zorvolex® sales data, product efficacy and reviews, and the patents-in-suit, which are relevant to, respectively, commercial success, long-felt need and praise, and infringement and validity. (Ex. K.) Lupin provided only non-descript objections based on privilege, undue burden, and relevance in refusing to designate a witness on these topics. (Ex. M.)

Despite their objections, Lupin represented that some of the information sought by these topics would be subsumed within other topics for which Lupin agreed to designate a witness. (Ex. K.) But, as it turns out, Lupin's witnesses lacked knowledge about Lupin's decisions to pursue development of generic Zorvolex® and file an ANDA. For example, when asked [REDACTED] Similarly, when asked [REDACTED] Lupin has not provided a witness on these relevant, discoverable topics and should be required to do so. *See Otsuka Pharma. Co. v. Apotex Corp.*, C.A. No. 07-1000, 2008 WL 4424812, at *5 (D.N.J. Sept. 25, 2008) (denying motion for protective order where witness had unique knowledge relating to the basis for ANDA filing that other witnesses lacked).

Topics 22-24 seek information relating to [REDACTED] Information about [REDACTED] is relevant and discoverable because it relates to the development of Lupin's generic product (*see* Ex. F at 357:7-12.), and the validity and infringement of patents-in-suit, given that [REDACTED] Despite providing Mr. Kumar as a 30(b)(6) witness on other topics, Lupin refused to designate him, or any other witness, on Topics 22-24. Simultaneously, Lupin has refused to provide Ms. Mistry, Dr. Gore, and Mr. Shinde for deposition in the U.S. as discussed above.

With this improper strategy, Lupin has effectively blocked Plaintiffs from obtaining corporate testimony on [REDACTED]. Indeed, Lupin has not provided any legitimate reason for refusing to designate a witness on these topics. Lupin's blanket objections on privilege, undue burden, and relevance grounds do not foreclose the relevant discovery sought because [REDACTED] plainly bears on the claims and defenses at issue here, and the entirety of [REDACTED] is not privileged. Thus, Lupin should be required to designate a corporate witness to testify regarding Topics 22-24.

Respectfully submitted,

FISH.
FISH & RICHARDSON

The Honorable Sherry R. Fallon
April 14, 2016
Page 5

*/s/ Martina Tyreus Hufnal*

Martina Tyreus Hufnal

cc: All Counsel of Record (via Electronic Mail)