# PHILLIPS, GOLDMAN, MCLAUGHLIN & HALL, P.A.

JOHN C. PHILLIPS, JR.
ROBERT S. GOLDMAN
LISA C. MCLAUGHLIN
JAMES P. HALL
DAVID A. BILSON
MEGAN C. HANEY

ATTORNEYS AT LAW
PENNSYLVANIA AVE. AND BROOM ST.
1200 N. BROOM STREET
WILMINGTON, DE 19806

(302) 655-4200 (P)
(302) 655-4210 (F)

April 15, 2016

**VIA HAND DELIVERY and CM/ECF**
The Honorable Sherry R. Fallon
United States District Court
 For the District of Delaware
844 North King Street
Wilmington, DE 19801



**REDACTED - PUBLIC VERSION**

Re:   *iCeutica Pty Ltd., et al. v. Lupin Limited, et al.*, C.A. No. 14-1515-SLR-SRF

Dear Judge Fallon:

This is a patent infringement case relating to Lupin's submission of an Abbreviated New Drug Application (ANDA) for diclofenac acid capsules. Lupin's ANDA products are generic versions of Plaintiffs' Zorvolex® products. During discovery in this case, Lupin has brought Rule 30(b)(6) witnesses from India, at Lupin's expense, to testify on a wide range of topics, including the submission of Lupin's ANDA to the FDA and Lupin's correspondence with the FDA regarding the ANDA, Lupin's research and development for its ANDA products, and the formulation and attributes of Lupin's ANDA products.

When Plaintiffs noticed the depositions of additional, non-Rule 30(b)(6) witnesses, Lupin challenged the relevance of these witnesses and indicated that the testimony of these witnesses, to the extent relevant at all, would be duplicative of that of the prior Rule 30(b)(6) witnesses. Nevertheless, in December 2015, Lupin offered to make these additional witnesses available in India, where they reside, at the location of Lupin Ltd's principal place of business. Plaintiffs did not pursue these depositions, despite Lupin's offer. When Plaintiffs indicated they would renew the issue, Lupin offered to bring over a subset of the witnesses from India to the United States for deposition in an attempt to avoid this dispute. Despite Lupin's efforts to reach compromise, Plaintiffs now insist that 1) Lupin's India-based employees must appear for deposition in the United States or via video; and 2) Lupin must provide Rule 30(b)(6) testimony on irrelevant topics. Lupin respectfully requests that Plaintiffs' requests be denied.

1. **The Depositions of the Indian Witnesses Are Unnecessary And Should Proceed, If At All, In India**

Plaintiffs have demanded the deposition of Lupin Ltd. employees Subhash Gore, Dhanashree Mistry, and Sagar Shinde, ███████████████████████████████.[1] Each of these individuals ███████████████████████████████████ This group is headed by Mr. T. Vijay Kumar, a vice-president at Lupin. Mr. Kumar has already travelled from India to the United States for deposition as a corporate representative and in his individual capacity in this case. ███████████████████████████████████
███████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████
███████████████████████ The testimony of the three individuals would be duplicative of Mr. Kumar's testimony. Moreover, the burden on Lupin of proceeding with their depositions far outweighs the relevance of any potential non-duplicative testimony they might have to offer.

Despite the lack of relevance and the duplicative nature of any testimony, Lupin proposed four months ago to make Dr. Gore, Ms. Mistry and Mr. Shinde available for deposition in India in an effort to accommodate Plaintiffs' request. Plaintiffs refused this offer, insisting that Dr. Gore, Ms. Mistry and Mr. Shinde appear for a deposition in the United States or by video.

In an attempt to force these depositions in the United States, Plaintiffs erroneously characterize Dr. Gore, Ms. Mistry, and Mr. Shinde as "managing agents" because "these three individuals were intimately involved in the day-to-day formulation and development of Lupin's generic products." D.I. 171 at 2. Plaintiffs' characterization improperly restricts the "managing agent" analysis to a single factor and ignores the other considerations set forth in the relevant case law, including "whether the individual is invested with general powers allowing him to exercise judgment and discretion in corporate matters" and "whether any person or persons are employed by the corporate employer in positions of higher authority than the individual designated in the area regarding which the information is sought by examination." *See, e.g., United States v. Afram Lines (USA), Ltd.*, 159 F.R.D. 408, 413 (S.D.N.Y. 1994). Both factors weigh against Plaintiffs' request to compel these depositions in the United States or by video.

███████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████

---

[1] On April 11, 2016, with the close of discovery fast-approaching on April 29, 2016, Plaintiffs also served deposition notices for India-based Lupin employees P.R. Upadhyay and Garish Chavan, and U.S.-based employee Debashis Mohanty. These deposition notices are not addressed in this letter, as the parties have not had an opportunity to meet and confer to address the propriety of these depositions.

███████████████████████████████████████████████████████████████ The involvement of these individuals does not rise to the level of "exercis[ing] judgment and discretion in corporate matters." *See, e.g., Libbey Glass, Inc. v. Oneida, Ltd.*, 197 F.R.D. 342, 351 (N.D. Ohio 1999) (finding that proposed deponent was not a managing agent because "[h]is activities were those of a subordinate, not a person acting with substantially unfettered discretion and power" and "[h]is efforts facilitated, but did not control, the process leading to the [contract]"). ███████████████████████████████████████████████████████████████

Even if Mr. Shinde, Dr. Gore, and Ms. Mistry are deemed "managing agents," which they are not, their depositions should proceed in India at Lupin Ltd.'s principal place of business. "[A] foreign corporation's Rule 30(b)(6) and managing agent witnesses should presumptively be deposed in the district of the corporation's principal place of business. To be sure, this presumption may be overcome, but only where circumstances exist distinguishing the case from the ordinary run of civil cases." *In re Outsidewall Tire Litig.*, 267 F.R.D. 466, 472 (E.D. Va. 2010). Plaintiffs have failed to set forth any unique circumstances which require departure from the default rule. For instance, there is nothing out of the ordinary about a foreign party conducting business in the United States or filing a counterclaim during litigation. The circumstances here, in fact, militate in favor of the depositions taking place in India. Traveling to the United States would impose a significant burden on Dr. Gore, Ms. Mistry, and Mr. Shinde, particularly because Ms. Mistry and Mr. Shinde have never traveled to the United States and do not hold United States visas. Plaintiffs' focus on the convenience of counsel, and disregard for the significant burden placed on the witnesses, is improper. *See In re Joseph Walker & Co., Inc.*, 472 B.R. 696 (Bankr. D.S.C. 2012) (citations omitted) ("The Court recognizes that requiring all the lawyers to travel to the United Kingdom may be more expensive than requiring the parties to travel to Columbia [South Carolina]; however, 'the convenience of counsel is less compelling than any hardship to the witnesses.'"). Additionally, the fact that Plaintiffs seek to depose multiple witnesses, who are all located in the same foreign location, weighs heavily against overcoming the presumption that the depositions should proceed at Lupin Ltd.'s principal place of business.

Plaintiffs' position that Lupin's foreign employees should be made available for deposition by video is equally unavailing. Taking the depositions by video would require Lupin's counsel to travel to India to prepare and defend the witnesses, thus placing an unfair burden on Lupin. Plaintiffs provide no response to Lupin's concern, other than a cursory statement that "no travel is required because Lupin could just as easily prepare its witnesses by video." D.I. 171 at 3. Plaintiffs should not be permitted to dictate the manner in which Lupin prepares and defends its witnesses for deposition. If Plaintiffs truly believed the depositions were necessary, they would have traveled to India to take them. Plaintiffs' unwillingness to do so reflects the limited value and cumulative nature of any potential testimony.

### 2. Plaintiffs' Remaining Rule 30(B)(6) Topics are Irrelevant

Plaintiffs also demand that Lupin provide a Rule 30(b)(6) designee to address topics that are irrelevant to this patent infringement case. Plaintiffs insist that Topics 10, 14, and 15, which are generally related to Lupin's reasons for pursing a generic version of Zorvolex®, are purportedly relevant because they relate to infringement, validity, and secondary considerations of commercial success and long-felt need. *See* D.I. 171 at 4. Plaintiffs fail to explain how the reason a company selects a product for development is relevant to any of these issues. Infringement is determined based on the contents of Lupin's ANDA and the product Lupin will sell when its ANDA is approved by the FDA, not based on Lupin's reasons for pursuing the ANDA. Lupin bears the burden of proof on the issue of patent invalidity, and Plaintiffs have failed to explain how Lupin's decision to develop a generic product is relevant to invalidity.



In ANDA litigation, the question of infringement turns on "whether the patentee has proven by a preponderance of the evidence that the alleged infringer will likely market an infringing product. What is likely to be sold, or, preferably, what will be sold, will ultimately determine whether infringement exists." *Glaxo, Inc. v. Novopharm, Ltd.*, 110 F.3d 1562, 1570 (Fed. Cir. 1997). When Lupin receives FDA approval to market its generic diclofenac acid capsule products, such approval will be limited to the products described in ANDA No. 207393. The infringement analysis "is properly grounded in the ANDA application and the extensive materials typically submitted in its support." *Id.* at 1569. *See also Ferring B.V. v. Watson Labs., Inc.-Florida*, 764 F.3d 1401, 1408 (Fed. Cir. 2014).



Given the limited value of testimony related to Topics 22-24 in resolving the issues in this litigation and the significant burden of deposing Lupin's foreign employees, Plaintiffs' request is not "proportional to the needs of this case" under Rule 26(b)(1).

For these reasons, Lupin respectfully submits that Plaintiffs' requests should be denied.

                                            Respectfully submitted,

                                            *John C. Phillips, Jr.*

                                            John C. Phillips, Jr. (No. 110)

cc:    All Counsel of Record (Via CM/ECF and email)