IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ICEUTICA PTY LTD and<br>IROKO PHARMACEUTICALS, LLC,<br><br>    Plaintiffs,<br><br>    v.<br><br>LUPIN LIMITED and LUPIN<br>PHARMACEUTICALS, INC.,<br><br>    Defendants. | C. A. No. 14-cv-01515 (SLR-SRF)<br><br>REDACTED PUBLIC VERSION |

**PROPOSED JOINT PRETRIAL ORDER**

Martina Tyreus Hufnal (#4771)
Elizabeth M. Flanagan (#5891)
Christopher A. Winter (#5817)
FISH & RICHARDSON P.C.
222 Delaware Avenue, 17th Floor
P. O. Box 1114
Wilmington, DE 19899-1114
Phone: 302-652-5070 / Fax: 302-652-0607
Emails: tyreus-hufnal@fr.com;
eflanagan@fr.com; winter@fr.com

W. Chad Shear (#5711)
Megan A. Chacon
FISH & RICHARDSON P.C.
12390 El Camino Real
San Diego, CA 92130
Phone: 858-678-5070 / Fax: 858-678-5099
Emails: shear@fr.com; chacon@fr.com

Tasha M. Francis
FISH & RICHARDSON P.C.
3200 RBC Plaza
60 South Sixth Street
Minneapolis, MN
Phone: 612-766-2015
Email: Tasha.francis@fr.com

Attorneys for Plaintiffs
ICEUTICA PTY LTD and IROKO
PHARMACEUTICALS, LLC

John C. Phillips, Jr. (#110)
David A. Bilson (#4986)
PHILLIPS GOLDMAN MCLAUGHLIN &
HALL, P.A.
1200 North Broom Street
Wilmington, DE 19806-4204
Phone: (302) 655-4200
jcp@pgmhlaw.com
dab@pgmhlaw.com

William R. Zimmerman
Catherine R. Gourash
KNOBBE, MARTENS, OLSON & BEAR, LLP
1717 Pennsylvania Avenue N.W., Suite 900
Washington, D.C. 20006
Phone: (202) 640-6400
2wrz@knobbe.com
2czg@knobbe.com

Christy G. Lea
Sheila N. Swaroop
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, 14th Floor
Irvine, CA 92614
Phone: (949) 760-0404
2cgl@knobbe.com
2sns@knobbe.com

Benjamin B. Anger
KNOBBE, MARTENS, OLSON & BEAR, LLP
12790 El Camino Real
San Diego, CA 92130
Phone: (858) 707-4000
2bba@knobbe.com

Carol Pitzel Cruz
Christie R.W. Matthaei
KNOBBE, MARTENS, OLSON & BEAR, LLP
925 Fourth Avenue, Suite 2500
Seattle, WA 98104
Phone: (206) 405-2000
2cmp@knobbe.com
2crw@knobbe.com

Attorneys for Defendants
LUPIN LIMITED AND LUPIN
PHARMACEUTICALS, INC.

# **TABLE OF EXHIBITS**

**STATEMENT OF ADMITTED FACTS**

| | |
|---|---|
| Statement of Admitted Facts Requiring No Proof | Exhibit 1 |

**STATEMENT OF ISSUES OF FACT REMAINING TO BE LITIGATED**

| | |
|---|---|
| Plaintiffs' Statement of Issues of Fact Which Remain to be Litigated | Exhibit 2.1 |
| Defendants' Statement of Issues of Fact Which Remain to be Litigated | Exhibit 2.2 |

**STATEMENT OF ISSUES OF LAW REMAINING TO BE LITIGATED**

| | |
|---|---|
| Plaintiffs' Statement of Issues of Law Which Remain to be Litigated | Exhibit 3.1 |
| Defendants' Statement of Issues of Law Which Remain to be Litigated | Exhibit 3.2 |

**EXHIBITS**

| | |
|---|---|
| Joint List of Exhibits | Exhibit 4 |
| Plaintiffs' List of Exhibits they May Offer at Trial | Exhibit 4.1 |
| Defendants' List of Exhibits they May Offer at Trial | Exhibit 4.2 |

**WITNESSES TO BE CALLED IN PERSON OR BY DEPOSITION**

| | |
|---|---|
| Plaintiffs' List of Witnesses | Exhibit 5.1 |
| Defendants' List of Witnesses | Exhibit 5.2 |
| Designations of Deposition Testimony of Plaintiffs | Exhibit 6.1 |
| Designations of Deposition Testimony of Defendants | Exhibit 6.2 |

**BRIEF STATEMENTS OF INTENDED PROOFS**

| | |
|---|---|
| Plaintiffs' Brief Statement of Intended Proofs | Exhibit 7.1 |
| Defendants' Brief Statement of Intended Proofs | Exhibit 7.2 |

**PROPOSED JOINT PRETRIAL ORDER**

Plaintiffs iCeutica Pty Ltd ("iCeutica") and Iroko Pharmaceuticals, LLC ("Iroko") (collectively, "Plaintiffs"), and Defendants Lupin Limited and Lupin Pharmaceuticals, Inc. (collectively, "Lupin" or "Defendants"), by their undersigned counsel, submit this proposed Joint Pretrial Order pursuant to Delaware Local Rule 16.3. A Pretrial Conference is scheduled for January 24, 2017. Trial is scheduled to begin on February 13, 2017.

**I.     NATURE OF THE ACTION AND PLEADINGS**

1. This is a Hatch-Waxman action in which Plaintiffs accuse Lupin of infringing United States Patent Nos. 8,679,544 ("the '544 patent"), 8,999,387 ("the '387 patent"), 9,017,721 ("the '721 patent"), 9,173,854 ("the '854 patent"), 9,180,095 ("the '095 patent"), 9,180,096 ("the '096 patent"), and 9,186,328 ("the '328 patent"), (collectively, "the patents-in-suit"). The patents-in-suit share a common specification and claim unit dose pharmaceutical compositions containing diclofenac acid nanoparticles and methods of administering those unit dose compositions to treat pain.

2. Plaintiffs contend that each of the patents-in-suit covers Plaintiffs' diclofenac acid products, ZORVOLEX® (diclofenac) capsules, 18 mg and 35 mg, which are FDA-approved for the treatment of mild to moderate acute pain and osteoarthritis. The patents-in-suit are listed in the U.S. Food and Drug Administration ("FDA") Approved Drug Products and Therapeutic Equivalents publication ("the Orange Book") as covering the ZORVOLEX® products.

3. Plaintiffs' infringement claims arise from Lupin's submission of Abbreviated New Drug Application ("ANDA") No. 207393 to the FDA by which Lupin seeks approval to manufacture and sell diclofenac acid capsules, 18 mg and 35 mg, before the expiration of the patents-in-suit.

4. Plaintiffs filed this action against Lupin on December 23, 2014 after receiving a Paragraph IV certification from Lupin notifying Plaintiffs of Lupin's ANDA submission and its intent to challenge the '544 patent, an Orange-Book listed patent. (D.I. 1.) Plaintiffs filed their First Amended Complaint against Lupin on May 26, 2015 after receiving a Paragraph IV certification from Lupin notifying Plaintiffs of its intent to challenge the '387 and '721 patents, both Orange-Book listed patents. (D.I. 30.) Plaintiffs filed their Second Amended Complaint against Lupin on February 11, 2016 after receiving a Paragraph IV certification from Lupin notifying Plaintiffs of its intent to challenge the '854, '095, '096, and '328 patents, all Orange-Book listed patents. (D.I. 133.)

## II.   BASIS FOR FEDERAL JURISDICTION, VENUE AND STANDING

5. This action arises under the patent laws of the United States, Title 35, United States Code. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338, 2201, and 2202.

6. Lupin has filed Counterclaims for declaratory relief under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. This Court has subject matter jurisdiction over these Counterclaims under 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202 based on an actual case or controversy arising under the Patent Laws of the United States.

7. Venue in this district under 28 U.S.C. §§ 1391 and 1400(b) is not disputed in this case.

## III.   STATEMENT OF ADMITTED FACTS

8. The parties' Statement of Admitted Facts Requiring No Proof is attached as Exhibit 1.

**IV.     STATEMENT OF ISSUES OF FACT REMAINING TO BE LITIGATED**

9.     Plaintiffs' Statement of Issues of Fact Which Remain to be Litigated is attached as Exhibit 2.1.

10.    Defendants' Statement of Issues of Fact Which Remain to be Litigated is attached as Exhibit 2.2.

**V.      STATEMENT OF ISSUES OF LAW REMAINING TO BE LITIGATED**

11.    Plaintiffs' Statement of Issues of Law Which Remain to be Litigated is attached as Exhibit 3.1.

12.    Defendants' Statement of Issues of Law Which Remain to be Litigated is attached as Exhibit 3.2.

**VI.     EXHIBITS**

13.    The parties' joint list of exhibits is attached as Exhibit 4.

14.    Plaintiffs' list of exhibits they may offer at trial is attached as Exhibit 4.1.  The parties have agreed to a procedure for identifying objections to exhibits to be introduced at trial.

15.    Defendants' list of exhibits they may offer at trial is attached as Exhibit 4.2.  The parties have agreed to a procedure for identifying objections to be introduced at trial.

16.    On or before the first day of trial, counsel for each party will deliver to the Courtroom Deputy Exhibit Lists listing each party's exhibits.  On or before the first day of trial, Plaintiffs will deliver to the Courtroom Deputy an Exhibit List listing the joint exhibits.

17.    Each party may use exhibits that are listed on the opposing party's exhibit list to the same effect as though they were listed on its own exhibit list, subject to evidentiary objections.

18.    Subject to the remaining provisions of this Order, no party may use an exhibit not present on its own or an opposing party's exhibit list absent good cause shown.

19.     The parties agree that exhibits to be used or offered into evidence solely for cross-examination or impeachment need not be included on the lists of trial exhibits or disclosed in advance of being offered at trial.

20.     The listing of a document on a party's exhibit list is not an admission that such document is relevant or admissible when offered by the opposing party for the purpose that the opposing party wishes to admit the document.  Each party reserves the right to object to the relevancy or admissibility of any evidence offered by the other party, at the time such evidence is offered, in view of the specific context in which such evidence is offered.

21.     Unless otherwise agreed to by the parties during trial, the parties will each provide to each other's counsel of record via electronic mail a written list of exhibits, by exhibit number, for each witness that it intends to call in Court by 7:00 p.m. two calendar days before the day the witness will testify.  Objections to any of the disclosed exhibits shall be made by no later than 7:00 p.m. the following day, and the parties will meet and confer regarding any objections by 9:00 p.m. that same evening.

22.     Any document that on its face appears to have been authored by an employee, officer or agent of a party or third party shall be deemed to be *prima facie* authentic, subject to the right of any party against whom such a document is offered ("Opposing Party") to adduce evidence to the contrary or to require that the offering party provide authenticating evidence if the Opposing Party has a reasonable basis to believe the document is not authentic.

23.     The parties will provide, by electronic mail, any opening statement slide decks and demonstratives used with opening statements to the other party's counsel of record no later than 7:00 p.m. on the calendar day before opening statements are to be heard by the Court.  Any objections to these materials shall be made by 9:00 p.m. that same day, and the parties shall meet

and confer as soon as possible thereafter to resolve such objections.  Any disputes as to these materials shall be raised with the Court before trial begins on the day of their anticipated use.

24.     The parties will provide, by electronic mail, any demonstrative exhibits (in color as applicable) they anticipate using on direct examination of a witness at trial to the other party's counsel of record no later than 7:00 p.m. on the calendar day before the witness is called.  Any objections to demonstrative exhibits shall be made by 9:00 p.m. that same day, and the parties shall meet and confer as soon as possible thereafter to resolve such objections.  Any disputes as to demonstrative exhibits shall be raised with the Court as appropriate before trial resumes on the day of their anticipated use.

25.     Demonstrative exhibits exchanged will not be used by the opposing party prior to being used by the disclosing party.

26.     The parties agree that demonstrative exhibits that the parties intend to use at trial need not be included on their respective lists of trial exhibits.

27.     The foregoing notice provisions regarding demonstrative exhibits shall not apply to demonstrative exhibits created in the courtroom during live testimony at trial or to the enlargement, highlighting, ballooning, or excerpting of trial exhibits that have been admitted in evidence or trial testimony.  Mere enlargement, highlighting, ballooning, or excerpting of trial exhibits admitted in evidence or trial testimony does not create a demonstrative exhibit.

28.     Legible copies of documents may be offered and received in evidence to the same extent as an original unless a genuine question is raised as to the authenticity of the original, or unless in the circumstances it would be unfair to admit the copy in lieu of the original.  Legible copies of the patents-in-suit may be offered and received in evidence in lieu of certified copies thereof, subject to all other objections which might be made to admissibility of certified copies.

29. Plaintiffs have exchanged electronic copies of their respective pre-marked exhibits on December 21, 2016. Defendants have exchanged electronic copies of their respective pre-marked exhibits on January 10, 2017. Plaintiffs have provided Defendants with electronic copies of the pre-marked joint exhibits on December 21, 2016. The parties have agreed to a procedure for exchanging electronic pre-marked copies of any additional joint exhibits the parties agree upon by January 30, 2017.

## VII. WITNESSES TO BE CALLED IN PERSON OR BY DEPOSITION

30. Plaintiffs' list of witnesses they may or will call to testify in person or by deposition designation at trial is attached as Exhibit 5.1. Designations of deposition testimony that Plaintiffs may offer into evidence are attached as Exhibit 6.1.

31. Defendants' list of witnesses they may or will call to testify in person or by deposition designation at trial is attached as Exhibit 5.2. Designations of deposition testimony that Defendants may offer into evidence are attached as Exhibit 6.2.

32. Any witness not listed in the exhibits referenced above will be precluded from testifying absent good cause shown.

33. Unless otherwise agreed to by the parties, by 7:00 p.m. two calendar days before the day any witness will testify, the parties will each provide to each other's counsel of record via electronic mail a list of the names of the witnesses to be called and the order of the witnesses who will testify.

34. On February 1, 2017, the parties will exchange in good faith final witness lists. For planning purposes, the parties will identify which of those witnesses they expect to testify live and which they expect to testify by deposition at that time.

35. The listing of a witness on a party's witness list does not require that party to call that witness to testify, either in person or by deposition.

36. The parties represent that they have made a good faith effort to designate and counter-designate all deposition testimony that they intend to use at trial. The parties further agree to promptly disclose any supplemental designations within a reasonable period after identification.

37. The parties agree that any deposition testimony to be used at trial may be used whether or not transcripts of such deposition have been signed and filed pursuant to Fed. R. Civ. P. 30(b).

38. Each party shall provide to the other party by no later than 48 hours before reading or playing a videotape/DVD of a deposition, notice of the specific pages and lines of the deposition transcript that the party intends to use. The other party shall, within 24 hours after receiving the designations, identify any counter-designations by specific page and line numbers. The parties shall meet and confer to resolve any disputes, and if the objections to the disputed testimony are not resolved by the parties' meet and confer, they will be presented to the Court as appropriate before trial resumes on the day of their anticipated use.

39. For convenience and clarity, the parties further propose that the party presenting a witness play or read both the designated portion of testimony and the opposing party's counter-designations, in page and line order. The time for such designations and counter designations shall be allocated to each party accordingly, by a submission to the Court reporter.

40. Pursuant to Local Rule 16.3(c)(7), the parties need not submit at this time deposition designations for witnesses appearing on the Lists of Trial Witnesses that will or may testify live at trial. A party shall promptly provide notice if for any reason it does not intend to call a witness live on its List of Trial Witnesses. In that event, each party shall be allowed to designate (including counter-designations) and offer deposition testimony from such a witness, subject to the requirements of Fed. R. Civ. P. 32. To the extent that notice that a witness on the

List of Trial Witnesses is not going to be called is given, designations for such witnesses will be provided within 72 hours of the time a party informs the other parties that it will not call a witness at trial. Counter-designations will be provided within 24 hours of the time designations are provided. The responding party will have the opportunity to raise any preserved (or otherwise appropriate) objections.

## VIII. BRIEF STATEMENTS OF INTENDED PROOFS

41. Plaintiffs' Statement of Intended Proofs is attached as Exhibit 7.1.

42. Defendants' Statement of Intended Proofs is attached as Exhibit 7.2.

## IX. AMENDMENTS TO PLEADINGS

43. The parties have no proposed amendments to the pleadings at this time.

## X. CERTIFICATION OF SETTLEMENT COMMUNICATIONS

44. The parties certify that they have engaged in a good faith effort to explore the resolution of this controversy by settlement, but have not reached agreement regarding settlement.

## XI. MISCELLANEOUS ISSUES

### A. Plaintiffs' Miscellaneous Issues

45. Plaintiffs request that the Court require Defendants to provide Plaintiffs and the Court with a sixty-day notice of any launch at risk of Defendants' ANDA products. Plaintiffs request this notice because, among other reasons, they believe that it is in the interest of judicial economy to provide such notice to allow the orderly presentation of motions for a temporary restraining order and/or preliminary injunction should the Defendants decide to launch at risk, or, if Defendants decide to launch at risk, to obviate the need to prepare and file such papers where an injunction hearing will not be required.

46. In the event of any launch at risk, preceding any decision by the Court or following a decision by the Court that the commercial manufacture, use, offer for sale, sale, and/or

8

importation of Defendants' proposed diclofenac acid capsules, 18 mg and 35 mg, will infringe one or more valid and enforceable claims of the patents-in-suit, Plaintiffs request an appropriate hearing, including but not limited to a jury trial on willfulness and damages, an accounting, a declaration that the case is exceptional, and an award of enhanced damages and Plaintiffs' attorneys' fees.

47. Plaintiffs have narrowed the number of asserted claims to 25 total claims across the seven patents-in-suit. Plaintiffs submit that this is a reasonably limited number of asserted claims to try given that there are seven patents-in-suit and there are two strengths of accused products: diclofenac acid capsules 18 mg and 35 mg.

48. Plaintiffs object to Lupin's presentation of Dr. Feliz's testimony in their invalidity case-in-chief to prove obviousness of the claimed inventions. Dr. Feliz submitted an opening expert report that offers an opinion, from a clinician's perspective, on motivation to use a particular drug dose. Dr. Feliz, however, does not offer any opinion on obviousness. Nor did he consider or offer opinions on the prior art that forms the basis of the ultimate obviousness opinion offered by Lupin's other expert, Dr. Amiji. In forming his ultimate opinion on obviousness, Dr. Amiji did not consider Dr. Feliz's opinion regarding motivation, did not speak to him, and did not consider his opening expert report. Accordingly, Plaintiffs submit that Dr. Feliz's proposed testimony outlined in his opening expert report is not relevant and should not be presented to the Court.

**B.  Defendants' Miscellaneous Issues**

49. Plaintiffs have currently asserted 25 claims in this action. Defendants request that Plaintiffs narrow the number of asserted claims to no more than 6 claims prior to trial.

50. Defendants do not agree that a sixty-day notice of at-risk launch is appropriate in this case. There is no legal basis for Plaintiffs' request for advance notice. Such a procedure would be prejudicial to Defendants.

51. Dr. Feliz will present testimony consistent with his opening report that a clinician would have been motivated to use the lowest effective dose of diclofenac. Obviousness is a legal question based on underlying facts. Dr. Feliz has offered his opinion related to the underlying fact – motivation for clinicians to use the lowest effective dose – that is relevant to the ultimate legal question of obviousness. Dr. Feliz need not have addressed the ultimate legal question of obviousness in his report. Dr. Amiji, in his opening report, opined on the obviousness of the Asserted Claims, and in doing so referenced and relied on his understanding of clinician's motivation to use the lowest effective dose, which is the opinion that Dr. Feliz has offered.

### C. Other Miscellaneous Issues

52. ORDER OF PROOF: First, Plaintiffs shall present their case on infringement and a permanent injunction. Second, Defendants shall then present their case on invalidity and non-infringement. Third, Plaintiffs shall then present their case on validity (including secondary considerations of nonobviousness) and rebuttal on non-infringement. Fourth, Defendants shall then present their case on secondary considerations of nonobviousness and rebuttal on validity. There shall be no closing statements.

53. SERVICE OF DOCUMENTS: Service of all documents required under this Order shall occur by electronic mail, FTP site, or a secure file delivery program.

54. The parties stipulate and agree, subject to approval of the Court, and without waiving any rights to challenge such constructions on appeal, that the claim constructions provided

by the Court related to the '544, '387, and '721 patents (D.I. 140), shall also apply the remainder of the patents-in-suit—specifically, the '854, '095, '096, and '328 patents.

## XII. ORDER TO CONTROL THE COURSE OF ACTIONS

55.     This Order shall control the subsequent course of the action, unless modified by the Court to prevent manifest injustice.[1]

SO ORDERED this _____ day of _____, 2017.

_____
UNITED STATES DISTRICT JUDGE

---

[1] The parties reserve their respective rights to propose modifications to this Order, including the exhibits thereto, based on subsequent rulings of the Court or for other good cause.

11

JOINTLY SUBMITTED BY:

DATED: January 17, 2017

| | |
|---|---|
| By: *Elizabeth M. Flanagan*<br>Martina Tyreus Hufnal (#4771)<br>Elizabeth M. Flanagan (#5891)<br>Christopher A. Winter (#5817)<br>FISH & RICHARDSON P.C.<br>222 Delaware Avenue, 17th Floor<br>P. O. Box 1114<br>Wilmington, DE 19899-1114<br>Phone: 302-652-5070<br>Fax: 302-652-0607<br>Emails: tyreus-hufnal@fr.com;<br>eflanagan@fr.com; winter@fr.com<br><br>Attorneys for Plaintiffs<br>ICEUTICA PTY LTD and IROKO<br>PHARMACEUTICALS, LLC | By: *David A. Bilson*<br>John C. Phillips, Jr. (#110)<br>David A. Bilson (#4986)<br>PHILLIPS GOLDMAN<br>MCLAUGHLIN & HALL, P.A.<br>1200 North Broom Street<br>Wilmington, DE 19806-4204<br>Phone: (302) 655-4200<br>jcp@pgmhlaw.com<br>dab@pgmhlaw.com<br><br>Attorneys for Defendants<br>LUPIN LIMITED AND LUPIN<br>PHARMACEUTICALS, INC. |