**EXHIBIT 7.1**

**PLAINTIFFS' BRIEF STATEMENT OF INTENDED PROOFS**

A summary of the main issues and points Plaintiffs intend to prove at trial is set forth below. This summary is not intended to be exhaustive and, in addition to what is set out, Plaintiffs may prove any matters identified in their pleadings, interrogatory responses, and the opening and rebuttal reports of their expert witnesses. Plaintiffs intend to offer proof on the issues of fact and issues of law identified by the parties in this Joint Pretrial Order. Plaintiffs also intend to offer evidence as necessary to rebut the allegations of invalidity set forth by Lupin Limited and Lupin Pharmaceuticals, Inc. ("Lupin") on which Lupin has the burden of proof.

**I.   SUBJECT MATTER JURISDICTION**

If required, Plaintiffs will provide evidence showing that the Court has proper subject matter jurisdiction over Plaintiffs' infringement claims against Lupin. Plaintiffs will also provide evidence, if required, that an actual case or controversy exists between the parties sufficient to confer subject matter jurisdiction over Plaintiffs' declaratory judgment claims against Lupin.

If required, Plaintiffs will also provide evidence showing that Lupin Pharmaceuticals, Inc. is a proper party to this action.

**II.   INFRINGEMENT AND PRACTICING OF PATENTS**

Plaintiffs currently assert U.S. Patent Nos. 8,679,544; 8,999,387; 9,017,721; 9,173,854; 9,180,095; 9,180,096 and 9,186,328 ("Patents-In-Suit") and the following claims of the Patents-In-Suit ("Asserted Claims"):

- claims 3 and 10 of the '544 patent;
- claims 4, 7, 14, 18, 23, and 24 of the '387 patent;
- claims 5, 12, 18, 20, and 22 of the '721 patent;

1

- claims 9, 11, 24 and 26 of the '854 patent;
- claims 9 and 24 of the '095 patent;
- claims 8 and 24 of the '096 patent; and
- claims 9, 15, 24 and 30 of the '328 patent.

In Plaintiffs' Final Infringement Contentions and the Opening Expert Report of Cory J. Berkland Regarding Infringement, Plaintiffs set forth the bases for infringement of the Asserted Claims by products described in Lupin's ANDA No. 207393 ("Lupin's ANDA Products") and its bases for its contention that ZORVOLEX®, 18 mg and 35 mg, practices the Asserted Claims.

In the Rebuttal Expert Report of Mansoor M. Amiji, Ph.D., RPH, Lupin's expert only contested infringement of certain limitations of the '544 patent and did not address infringement with respect to any other Patent-In-Suit.  Plaintiffs will show that the challenged limitations of the '544 patent are included in Lupin's ANDA Products.  Specifically, Plaintiffs will show that Lupin's ANDA Products include equivalents of "lactose monohydrate and sodium lauryl sulfate."

Similarly, Lupin's infringement expert has also only contested that certain limitations of the '544 patent are not practiced by ZORVOLEX®, 18 mg and 35 mg, and did not address Plaintiffs' contentions with regard to any other Patent-In-Suit.  Plaintiffs will show that the challenged limitations of the '544 patent are practiced by ZORVOLEX®, 18 mg and 35 mg. Specifically, Plaintiffs will show that ZORVOLEX®, 18 mg and 35 mg, satisfies "wherein the particles of diclofenac acid have a median particle size on a volume average basis of less than 500 nm and greater than 25 nm."

Plaintiffs will also provide evidence, if required, that Lupin's ANDA Products and ZORVOLEX®, 18 mg and 35 mg, satisfy the remaining limitations of the Asserted Claims.

**III.    REQUESTED RELIEF**

Plaintiffs will show that:

1. A judgment should be entered that Lupin has infringed the Asserted Claims under 35 U.S.C. § 271 by submitting ANDA No. 207393, and that the commercial manufacture, use, offer for sale, and/or importation of Lupin's ANDA Products, prior to patent expiry, will constitute an act of infringement of the Asserted Claims of the Patents-In-Suit.

2. An order should be issued that the effective date of any FDA approval of ANDA No. 207393 shall be a date which is not earlier than the expiration date of the Patents-In-Suit.

3. Lupin and all other persons acting or attempting to act in active concert or participation with Lupin or acting on Lupin's behalf should be permanently enjoined from engaging in the commercial manufacture, use, offer for sale, sale, or importation of any drug product covered by the Asserted Claims prior to patent expiry.

4. A declaration should be entered that if Lupin engages in the commercial manufacture, use, offer for sale, sale, or importation of Lupin's ANDA Products, prior to patent expiry, it will constitute an act of infringement of the Asserted Claims.

5. Plaintiffs should be awarded damages or other monetary relief if Lupin's ANDA Products, have been commercially manufactured, used, offered for sale, or sold, within the United States before a judgment of infringement of the Asserted Claims is entered, and for an accounting for any such sales after entry of a judgment.

6. This case is an exceptional case within the meaning of 35 U.S.C. § 285, warranting an award of reasonable attorneys' fees to Plaintiffs from Lupin. Plaintiffs should be awarded costs from Lupin.

**IV.    OBVIOUSNESS**

Plaintiffs do not bear the burden of proof on obviousness. To the extent necessary to rebut Lupin's allegations, Plaintiffs will show that the asserted claims of the patents-in-suit are not obvious for at least the reasons set forth below.

3

Plaintiffs will show that none of the Asserted Claims are obvious in view of the prior art cited by Lupin. Plaintiffs will show that Lupin has not met its burden of proving by clear and convincing evidence that one of ordinary skill in the art would have been motivated to develop, or would have had a reasonable expectation of success of developing, any diclofenac acid unit dose pharmaceutical composition, or method of treatment using such unit dose composition. Plaintiffs will also show that Lupin has not met its burden of proving that one of ordinary skill in the art would have been motivated to develop, or would have had a reasonable expectation of success of developing, the claimed unit dose pharmaceutical compositions containing *18 mg or 35 mg* of *nanoparticulate* diclofenac acid, or a method of treatment using such unit dose compositions.

Plaintiffs will show that Lupin has not met its burden of proving by clear and convincing evidence that one of ordinary skill in the art would have been motivated to combine WO 2008/000042 to Meiser et al. (2008) ("Meiser"), WO 2006/133954 to Reiner et al. (2006) ("Reiner"), Chuasuwan et al., "Biowaiver Monographs for Immediate Release Solid Oral Dosage Forms Diclofenac Sodium and Diclofenac Potassium," J. Pharm. Sci. 98(4): 1206-1219 (2009) ("Chuasuwan"), and/or United States Pharmacopeia ("USP") Sections <711> and <1092> (2007), or that one of ordinary skill would have had a reasonable expectation of success in combining such references, to arrive at the inventions claimed in the Asserted Claims.

Plaintiffs will show that each of the Asserted Claims are not obvious in light of (i) Meiser combined with Reiner or (ii) Meiser combined with Reiner and the USP and/or Chuasuwan. In particular, Plaintiffs will show that the following would not have been obvious based on any of these combinations: (1) it would have not been obvious to administer diclofenac acid for the treatment of pain or formulate pharmaceutical compositions containing diclofenac acid; (2) it would not have obvious to administer or formulate unit doses containing 18 mg and/or 35 mg nanoparticulate diclofenac acid; (3) the claimed median and D(90) particle size ranges of diclofenac acid would not have been obvious; (4) it would not have been obvious to administer or formulate the claimed unit doses having the claimed dissolution profiles including, by way of

4

example only, "wherein the unit dose, when tested in vitro by USP Apparatus I (Basket) method of U.S. Pharmacopeia at 100 rpm at 37°C in 900 ml of % sodium lauryl sulfate in citric acid solution buffered to pH 5.75, has a dissolution rate of diclofenac acid such that at least 94%, by weight, is released by 75 minutes"; and (5) it would not have been obvious that the claimed "single unit dose provides perceptible pain relief" or that the claimed "single dose provides perceptible pain relief to a patient suffering from acute pain."  With respect to the Asserted Claims of the '544 patent, Plaintiffs will also show that it would not have been obvious to include lactose monohydrate and sodium lauryl sulfate as excipients in the claimed unit doses based on any of the above combinations of references.

Plaintiffs will also present evidence of objective indicia of non-obviousness, including unexpected results of the claimed invention, the long-felt need for the claimed invention, and industry praise for the claimed invention.  Plaintiffs will further show that these objective indicia of non-obviousness have the appropriate nexus to the claimed invention.

## V.   WRITTEN DESCRIPTION

Plaintiffs do not bear the burden of proof on written description.  To the extent necessary to rebut Lupin's allegations, Plaintiffs will show that the specification of the Asserted Patents provide an adequate description of the claimed pharmaceutical compositions with particles within the claimed median and D(90) particle size ranges that exhibit the claimed dissolution rates.

## VI.  ENABLEMENT

Plaintiffs do not bear the burden of proof on enablement.  To the extent necessary to rebut Lupin's allegations, Plaintiffs will show that skilled artisans would have been able to make and use the claimed pharmaceutical compositions with particles within the claimed median and D(90) particle size ranges that exhibit the claimed dissolution rates and administer them according to the claimed methods, without undue experimentation based on the disclosures of the Patents-In-Suit as well as the knowledge of skilled artisans and the available literature.