REDACTED – PUBLIC VERSION

## EXHIBIT 7.2

## DEFENDANTS' BRIEF STATEMENT OF INTENDED PROOFS

Pursuant to D. Del. L.R. 16.3(c)(9), Defendants submit this brief statement of the primary matters they intend to prove at trial.  This statement is not exhaustive and Defendants reserve the right to prove any matters identified in the pleadings, in interrogatories and other discovery responses, in their expert reports, or in the accompanying statements of issues of fact and law that remain to be litigated at trial, attached as Exhibits 2.2 and 3.2 to this Pretrial Order.

Defendants' statement of intended proofs is based upon their current understanding of Plaintiffs' infringement allegations.  Defendants reserve the right to provide additional proof to rebut any evidence offered by Plaintiffs before and during trial, in response to rulings by the Court, or for other good cause.

### I.    NONINFRINGEMENT

1.    Plaintiffs have the burden of proving, by a preponderance of the evidence, that the commercial manufacture, use, sale, offer for sale, or importation into the United States of the diclofenac acid capsules that are the subject of ANDA No. 207393 ("Lupin's ANDA Products") will infringe Claims 3 and 10 of the '544 patent, Claims 4, 7, 14, 18, 23 and 24 of the '387 patent, Claims 5, 12, 18, 20 and 22 of the '721 patent, Claims 9, 11, 24 and 26 of the '854 patent, Claims 9 and 24 of the '095 patent, Claims 8 and 24 of the '096 patent, and Claims 9, 15, 24 and 30 of the '328 patent (collectively, "the Asserted Claims").  Defendants will, to the extent necessary, introduce evidence to rebut Plaintiffs' evidence of alleged infringement of the asserted claims of the '544 patent.

2.    Defendants will show that Lupin's ANDA Products do not contain an excipient that is an equivalent to the sodium lauryl sulfate claimed in the asserted claims of the '544 patent.

-1-

REDACTED – PUBLIC VERSION

3.     Defendants will show that the dedication-disclosure doctrine precludes Plaintiffs from asserting infringement of the asserted claims of the '544 patent under the doctrine of equivalents because the alleged equivalent excipient to lactose monohydrate in Lupin's ANDA Products is disclosed as an alternative to lactose monohydrate in the specification of the '544 patent.

4.     Defendants will show that prosecution history estoppel precludes Plaintiffs from asserting infringement of the asserted claims of the '544 patent under the doctrine of equivalents because during prosecution of the '544 patent family, iCeutica initially proposed broad independent claims, not limited to any specific excipient, and subsequently narrowed the independent claims to require lactose monohydrate and sodium lauryl sulfate, thereby surrendering the scope of equivalency.

## II.  OBVIOUSNESS

5.     Defendants will prove by clear and convincing evidence that the Asserted Claims are invalid under 35 U.S.C. § 103(a) because the claimed subject matter would have been obvious to a person of ordinary skill in the art as of the priority date of the patents-in-suit in view of the prior art, including PCT Publication No. WO 2008/000042 to Meiser et al. ("Meiser"); PCT Publication No. WO 2006/133954 to Reiner et al. ("Reiner"); the United States Pharmacopeia 30 (2007) ("the USP"); and/or Chuasuwan et al., "Biowaiver Monographs for Immediate Release Solid Oral Dosage Forms: Diclofenac Sodium and Diclofenac Potassium," *J. Pharma. Sci.*, 98(4):1206-1219 (published online Aug. 2008) ("Chuasuwan").

6.     Plaintiffs bear the burden of proving any objective indicia of non-obviousness to support the validity of the Asserted Claims and also bear the burden of establishing that there is a nexus between any alleged objective indicia of non-obviousness and the subject matter of the

REDACTED – PUBLIC VERSION

Asserted Claims.  Defendants will, to the extent necessary, introduce evidence to rebut Plaintiffs'

evidence regarding any alleged secondary indicia of non-obviousness and any nexus to the

subject matter of the Asserted Claims.

### III. WRITTEN DESCRIPTION

7.     Defendants will prove by clear and convincing evidence that the Asserted Claims

are invalid under 35 U.S.C. § 112 for lack of written description support because the

specification of the patents-in-suit does not reasonably convey to a person of ordinary skill in the

art that the inventors possessed the full scope of the claimed subject matter as of the effective

filing date of the patents-in-suit.

8.     Defendants will prove by clear and convincing evidence that the specification of

the patents-in-suit does not reasonably convey to a person of ordinary skill in the art that the

inventors possessed the claimed genus of pharmaceutical compositions that satisfy the

dissolution limitations of the Asserted Claims.  Defendants will prove that the specification

discloses neither a representative number of species falling within the scope of the genus nor

structural features common to the members of the genus so that one of skill in the art can

visualize or recognize the members of the genus that would satisfy the dissolution limitations of

the Asserted Claims.

### IV. ENABLEMENT

9.     Defendants will prove by clear and convincing evidence that the Asserted Claims

are invalid under 35 U.S.C. § 112 for lack of enablement because the specification of the patents-

in-suit does not enable a person of ordinary skill in the art to make or use the full scope of the

claimed subject matter without undue experimentation, considering factors such as the breadth of

the claims, the nature of the invention, the state of the prior art, the level of ordinary skill in the

art, the predictability of the art, the amount of direction provided in the specification, working examples in the specification, and the quantity of experimentation needed relative to the disclosure.

10.     Defendants will prove by clear and convincing evidence that the specification of the patents-in-suit does not enable a person of ordinary skill in the art to make and use the full scope of the claimed pharmaceutical compositions having the broad range of claimed median and D(90) particle sizes that satisfy the dissolution limitations of the Asserted Claims without undue experimentation.

## V.  EXCEPTIONAL CASE

11.     Defendants will prove by a preponderance of the evidence that this case is an exceptional case pursuant to 35 U.S.C. § 285.  Defendants will prove that Plaintiffs were made aware, prior to the initiation of the instant litigation,                 **REDACTED**


## VI.  REQUESTED RELIEF

12.     Defendants will show that:

a.    A judgment should be entered that Lupin's ANDA Products do not infringe any asserted claim of the '544 patent.

b.   The Court should issue a declaration under 28 U.S.C. § 2201 that Lupin has the lawful right to manufacture, import, use, sell, and/or offer to sell Lupin's ANDA Products in the United States once approved by the FDA.

c.   The Court should issue a declaration under 28 U.S.C. § 2201 that the Asserted Claims are invalid under 35 U.S.C. §§ 103 and/or 112.

REDACTED – PUBLIC VERSION

    d.  The Court should issue an injunction permanently enjoining Plaintiffs, their agents, representatives, attorneys, and those persons in active concern or participation with them who receive actual notice thereof, from threatening or initiating infringement litigation against Lupin or any of its customers, dealers or suppliers, or any prospective or present sellers, dealers, distributors or customers of Lupin, or charging any of them either orally or in writing with infringement of the patents-in-suit.

    e.  Plaintiffs should be required to pay to Defendants their reasonable attorneys' fees and whatever other relief the court deems appropriate because this is an exceptional case within the meaning of 35 U.S.C. § 285.

25030446